UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:12-CV-00729-D

TERESA M. SPEAKS, TOBY SPEAKS, )
STANLEY SMITH, EDDIE BROWN, ROBERT )
POINDEXTER, MIKE MITCHELL, ROY L. )
COOK, ALEX SHUGART, H. RANDLE WOOD, )
ROBIN ROGERS and DANIEL LEE NELSON, )
)
        Plaintiffs, )
)
vs. )
)
U.S. TOBACCO COOPERATIVE, INC. f/k/a )
FLUE-CURED TOBACCO COOPERATIVE )
STABILIZATION CORPORATION, )
)
        Defendants. )
_____ )

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, Plaintiffs and Defendant ("U.S. Tobacco" or "Defendant") have entered into a "Stipulation and Agreement of Class Action Compromise, Settlement and Release" (herein the "Settlement Agreement") intended to resolve, on a global basis, this litigation in the Court against the Defendant arising out of claims *inter alia*, that the fundamental purposes for which U.S. Tobacco was created had ceased to exist, and that the actions of U.S. Tobacco were unfair and would have the effect of divesting or eliminating the value of Plaintiffs' alleged equity interests in U.S. Tobacco. The Plaintiffs asserted a claim for distribution of U.S. Tobacco's assets, a claim for declaratory judgment, or, alternatively, a claim for judicial dissolution of U.S. Tobacco. U.S. Tobacco denies Plaintiffs' allegations; and

**WHEREAS**, this Court has jurisdiction over the subject matter and all Parties to this proceeding and venue is proper in this district; and

**WHEREAS,** the proposed Settlement is the result of arm's-length negotiations between the Parties and not the result of collusion, bears a probable reasonable relationship to the claims alleged by the Plaintiffs and the litigation risks of Plaintiffs and Defendant, and the proposed settlement is within the range of possible judicial approval; and

**WHEREAS,** the Court has reviewed the papers filed in connection with the Motion and considered all supporting evidence in the record and as presented by counsel; and

**WHEREAS,** the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are fair and satisfy the requirements of Fed. R. Civ. P. 23, and the Court is exercising its discretion in preliminarily certifying the Class for settlement purposes only and has not determined whether the Action could be properly maintained on behalf of a Class for purposes of trial; and

**WHEREAS,** the Court recognizes that the Released Parties have preserved all of their defenses and objections against and rights to oppose certification of the Class if the proposed Settlement is not finally approved by the Court following the Final Approval Hearing or any appeals:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. All capitalized terms used in this Order shall have the same meanings assigned to them in the Settlement Agreement.

2. The terms of the Parties' Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.

3. The Court finds the Settlement is sufficiently fair, reasonable and adequate to justify notice to those affected, along with an opportunity to be heard, pursuant to Fed. R. Civ. P. 23(e).

4. With respect to the Settlement Class, the Court finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that: (i) the Class Members are sufficiently numerous so as to make joinder of all Class Members impracticable; (ii) there are questions of fact and law that are common to all members of the Class; (iii) the claims of the Named Plaintiffs are typical of the claims of the Class; and (iv) the Named Plaintiffs will fairly and adequately protect the interests of the Class.

5. With respect to the Settlement Class, the Court further finds that the requirements of Fed. R. Civ. P. 23(b)(3) have been satisfied for settlement purposes in that: (i) questions of law and fact common to the Class Members predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. The Court therefore grants preliminary approval to the Settlement. The Settlement shall be submitted to Class Members for their consideration and for a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e), as provided below.

7. The Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> All individuals, proprietorships, partnerships, corporations and other entities that are or were shareholders and/or members of U.S. Tobacco at any time during the Class Period, without any exclusion, including any heirs, representatives, executors, powers-of-attorney, successors, assigns or others purporting to act for or on their behalf with respect to U.S. Tobacco and/or the Settled Claims.

8.  The Court preliminary finds that Named Plaintiffs have claims typical of Class Members and are adequate class representatives for the Settlement Class.

9.  The Court preliminarily finds that Class Counsel, named below, are adequate to serve as Settlement Class Counsel and preliminarily appoints the following as counsel for the class:

Gary K. Shipman
SHIPMAN & WRIGHT, LLP
575 Military Cutoff Road, Suite 106
Wilmington, North Carolina 28405

N. Leo Daughtry
DAUGHTRY, WOODARD, LAWRENCE & STARLING, LLP
403 E. Market Street
Smithfield, North Carolina 27577

## *CLASS FINDINGS*

10. For the purpose of the settlement of the Action (and only for such purpose, and without an adjudication on the merits), after conducting a rigorous analysis of the requirements set forth in Fed. R. Civ. P. 23(a) and (b)(3) and taking into consideration factors including, but not limited to: (i) the opinions of the participants, including Settlement Class Counsel; (ii) the complexity, expense, and likely duration of the litigation; (iii) the extent of discovery completed and the state of the proceedings; and (iv) the absence of any evidence that the proposed Settlement is the product of fraud or collusion, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met, in that:

   a.  The Settlement Class is sufficiently ascertainable and the Class Members are so numerous that their joinder before the Court would be impracticable.

b.  The predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3) generally are satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Plaintiffs allege numerous questions of fact and law common to the Settlement Class. The Court preliminarily finds that these common questions of fact and law predominate over questions of fact and law affecting only individual Class Members.

c.  The Court preliminarily finds that the claims of the Named Plaintiffs are typical of the claims of Class Members and the Named Plaintiffs and Class Counsel will adequately protect the interests of the Class, in that: (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of Class Members; (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Class Members; (iii) the Named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and settlement of the Action; and (iv) the Named Plaintiffs and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions.

d.  The Court preliminarily finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for fair and efficient adjudication of the Action.

11. In making these preliminary findings, the Court has considered, among other factors: (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate

actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

12. The Court will make a final determination on class certification concurrently with its final determination whether to approve the Settlement.

### *Notice of Settlement and Appointment of Settlement Administrator*

13. The Court approves, as to form and content, the Long Form Notice (attached to the Declaration of Shannon R. Wheatman, Ph.D on Adequacy of the Class Action Notice Program) and approves it for online publication on the Settlement Website. The Court approves, as to form and content, the Postcard and Publication Notices (attached to the Wheatman Declaration), and approves them for publication and/or mailing as set forth in the Notice Plan. The Court finds that these forms of Notice provide Class Members with all of the information necessary to make an informed decision regarding the fairness of the Settlement.

14. The Court finds that the first-class mailing and distribution of notice substantially in the manner and form set forth in the Notice Plan (attached to the Wheatman Declaration) meets the requirements of Fed. R. Civ. P. 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto. Such notice is the best practicable notice under the circumstances of this case, complies with due process, and provides sufficient notice to bind all Class Members, regardless of whether a particular Class Member receives actual notice. The Parties shall supervise and administer the notice procedures as set forth in the Notice Plan, including the following:

  a. Within thirty (30) days after the Settlement is Preliminarily Approved by the Court, the Notice Administrator shall cause a copy of the Postcard Notice to be

mailed to all Class Members known to the Parties with viable mailing addresses after having first updated the addresses using the National Change of Address database.

b.  Within fifteen (15) days after the Settlement is Preliminarily Approved by the Court, the Notice Administrator shall post the Long Form Notice, Settlement Agreement, "FAQ's" pertaining to the Settlement, along with other documents as agreed to by the Parties, on a website with the domain name: www.FlueCuredTobaccoSettlement.com.

c.  Within forty-five (45) days after the Settlement is Preliminarily Approved by the Court, the Notice Administrator shall commence Publication Notice in accordance with the Notice Plan.

15.  Prior to the Final Approval Hearing, the Notice Administrator shall serve and file a sworn statement attesting to the mailing of the Notice and compliance with the Notice Plan, along with the Opt-Out List and Defendant shall file with the Court a declaration of compliance with CAFA notice requirements.

16.  The parties and their respective counsel are authorized to retain Rust Consulting, Inc. to serve as the Claims Administrator and Kinsella Media, LLC to serve as the Notice Administrator, in accordance with terms of the Settlement Agreement, Notice Plan and this Order.

### *Requests for Exclusion from the Settlement Class*

17.  Any member of the Settlement Class who desires to request exclusion ("opt-out") from the Settlement Class shall submit to the Claims Administrator an appropriate and timely request for exclusion to the address stated in the Notice on or before **November 13**, 2017. In order to be effective, the Request for Exclusion must include: (a) the Person's full name,

address, telephone number and email address (if available); (b) the title "Request for Exclusion"; (c) a specific statement of the person's intention to exclude himself, herself or itself from the Settlement in *Speaks v. U.S. Tobacco Cooperative, Inc.*, No. 5:12-CV-729-D; and (d) the person's signature.

18. Exclusions shall be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that an exclusion request may be submitted by a Settlement Class Member's attorney on an individual basis.

19. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders and judgments in the Action.

*Objections to the Settlement*

20. Any Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement may, but need not, submit comments or objections regarding the proposed Settlement and/or Class Counsel's application for fees and expenses by submitting a written objection.

21. A person making an objection (an "Objector") must sign the objection personally (an attorney's signature is not sufficient). To object, the Objector must provide to the Claims Administrator (who shall forward it to Class Counsel and Counsel for Defendant), and file with the Clerk of the Court not later than thirty (30) days before the date set for the Final Approval Hearing, a statement of the objection including any support the Settlement Class Member wishes

to bring to the Court's attention and all evidence the Settlement Class Member wishes to introduce in support of his, her, or its objection or motion, or forever be barred from objecting. Such statement must: (a) be made in writing, including a heading that refers to the Action by name and docket number (*Speaks v. U.S. Tobacco Cooperative, Inc.* No. 5-12-CV-729-D); (b) contain the Objector's full name, address, telephone number, and email address (if applicable); (c) declare that the Objector is a Class Member; (d) provide a statement of the Objector's objections to any matter before the Court and the grounds and arguments for the objection; (e) include all documents and other writings the Objector wishes the Court to consider and describe any and all evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, including, but not limited to, the names and expected testimony of any witnesses; (f) state whether the Objector is represented by an attorney (and if so, provide the attorney's name, address, telephone number, and email address); and (g) state whether the Objector or his, her, or its attorney plans to appear at the Final Approval Hearing. Any papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the manner set forth herein, or not containing all of the required information described herein, shall be deemed waived.

22. Any objections by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such objections may be submitted by a Settlement Class Member's attorney on an individual basis.

23. If a Settlement Class Member retains an attorney to represent him, the attorney must (a) file a notice of appearance with the Clerk of Court no later than fourteen (14) days prior

to the Final Approval Hearing or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on Gary K. Shipman, Esq., Shipman & Wright, LLP, 575 Military Cutoff Road, Suite 106, Wilmington, NC 28405 and Derek L. Shaffer, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 777 6th Street NW 11th floor, Washington, D.C. 20001-3706 within the same time period.

24. Any responses to objections must be filed with the Court and served upon Class Counsel and counsel for Defendant on or before a date set by the Court that is no later than thirty (30) days from receipt of the objection or five (5) days before the hearing, whichever is earlier.

### *Claims Submission Dates*

25. All Claim Forms must be either received by the Claims Administrator or postmarked on or before the end of the relevant Claims Period set forth in the Settlement Agreement.

26. "Claims Period" means the period commencing with the final publication of the Class Notice and ending one-hundred eighty (180) days thereafter. All Class Members who do not submit a timely Claim Form within the Claims Period shall be barred from recovering under the Settlement.

### *The Final Approval Hearing*

27. A hearing on the Final Approval of the Settlement (the "Final Approval Hearing") shall be held before this Court on January 19, 2018, at 10:00 a.m., in Courtroom 1, United States District Court, 310 New Bern Avenue, Raleigh, North Carolina, to determine whether: (a) the Settlement is fair, reasonable and adequate and should receive final approval from the Court; (b) notice has been given to Class Members in accordance with this Order; and (c) an Order and Final Judgment as provided in the Settlement Agreement should be entered herein.

28. Class Counsel's application for attorneys' fees and incentive awards for the Named Plaintiffs shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and application for incentive awards for the Named Plaintiffs shall be filed with the Court no later than thirty (30) days prior to the expiration of the opt-out and objection periods. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to Class Members other than that which may be posted by the Court.

### *Other Provisions*

29. Any pending Motions to Amend are granted; Class Counsel shall file an Amended Complaint within ten (10) days of the entry of this Order.

30. The Court may adopt any additional provisions agreeable to the Parties that might be necessary to implement the terms of the Settlement.

31. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

32. If the Settlement is terminated or not approved in all material respects or approval is reversed or vacated, the Action shall proceed as if the Settlement Class had never been certified and the Amended Complaint had never been filed, and no reference to the Settlement Class, the Settlement Agreement, the Preliminary Approval Order, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

IT IS SO ORDERED.

THE HONORABLE JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE