IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-729-D

| | | |
|---|---|---|
| TERESA M. SPEAKS, TOBY SPEAKS, STANLEY SMITH, EDDIE BROWN, ROBERT POINDEXTER, MIKE MITCHELL, ROY L. COOK, ALEX SHUGART, and N. RANDY WOOD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER** |
| U.S. TOBACCO COOPERATIVE, INC., | ) ) | |
| Defendant. | ) | |

On September 15, 2017, Dan Lewis ("Lewis") filed a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. [D.E. 70]; see Fed. R. Civ. P. 24(a), (b). Lewis is a named plaintiff in a case against U.S. Tobacco Cooperative, Inc. ("U.S. Tobacco"), which he filed in North Carolina Superior Court in 2005. See Dan Lewis et. al. v. Flue-Cured Tobacco Coop. Stabilization Corp. (n/k/a U.S. Tobacco Coop., Inc.), (Lewis) 05 CVS 188 (N.C. Super. Ct.); [D.E. 73] 8–9. The Lewis case is pending in North Carolina Superior Court. This federal case "was filed in 2012 after various plaintiffs in the State Court Proceeding splintered and disagreed as to the strength of their legal claims and optimal strategy for pursuing them." [D.E. 73] 9; see Am. Compl. [D.E. 64] ¶¶ 46–58. On December 17, 2012, this court stayed the federal case while awaiting a state-court determination on class certification in Lewis. See [D.E. 18, 22]. After the state proceeding "was remanded to the trial court earlier this year," this court lifted its stay, and the parties in the federal case engaged in mediation. See [D.E. 73] 12–13. The mediation took place on May 11–12, 2017, and yielded a term sheet on May 24, 2017. Id. at 13–14. On June 9, 2017, the parties in the federal

case appeared and provided this court a status update about the mediation and impending settlement. See id. at 14; [D.E. 54].

As named plaintiff in a parallel lawsuit against U.S. Tobacco, Lewis knew about this federal case no later than November 2014, when it was referenced in the brief U.S. Tobacco submitted to the Supreme Court of North Carolina. See [D.E. 76-1] 14. Lewis also knew about the mediation between the parties in this case no later than May 5, 2017. See [D.E. 73-20]. Notably, on May 5, 2017, William Robert Cherry, Jr., Lewis's attorney, sent a letter to the counsel for plaintiffs in this federal case referencing the upcoming mediation. Id. On June 5, 2017, U.S. Tobacco filed a motion informing this court that it had concluded a "two-day mediation" on "May 12, 2017." [D.E. 52] 1; see [D.E. 53]. On June 9, 2017, the parties attended a status conference in this court and discussed the mediation and impending settlement. See [D.E. 54]. Also on June 9, 2017, Lewis argued to the state court that the mediation in this case was improper, but made no motion or other argument in this court. See [D.E. 73-24]. On June 22, 2017, U.S. Tobacco notified the state court that a mediation in the federal case had yielded a "tentative settlement" and that it expected to file "preliminary papers for judicial approval of the settlement within approximately 30 days." [D.E. 73-23] 3.

On September 15, 2017, Lewis moved to intervene in this case. See [D.E. 70]. On September 26, 2017, U.S. Tobacco responded in opposition. See [D.E. 73]. On September 28, 2017, plaintiffs responded in opposition. See [D.E. 76]. On October 2, 2017, Lewis replied. See [D.E. 79].

"A party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a timely motion." Alt v. EPA, 758 F.3d 588, 591 (4th Cir. 2014)

(quotation omitted); see NAACP v. New York, 413 U.S. 345, 365–66 (1973). "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, [courts must] assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." Alt, 758 F.3d at 591. These three factors doom Lewis's motion to intervene. First, this suit has progressed all the way to preliminary settlement, and the parties have begun to implement the approved notice program. The timeliness requirement exists "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001) (quotation omitted), rev'd sub nom. on other grounds Devlin v. Scardelletti, 536 U.S. 1 (2002). Second, the parties would be substantially prejudiced by allowing Lewis's tardy intervention. The parties have made and are on the brink of making further substantial investment in the notice program attendant to the preliminary settlement. See Wheatman Decl. [D.E. 73-32]. Permitting Lewis to intervene at this time would derail this process and financially prejudice the parties. Finally, Lewis has failed to show good cause for his tardy motion. Lewis sought to intervene in this case on September 15, 2017, nearly five years after the initial complaint was filed, and nearly five months after learning about the mediation.

In defense of his untimely motion, Lewis argues that he was not aware of the specific details of the settlement until September 7, 2017, and filed his Rule 24 motion eight days later. See [D.E. 79] 4. Lewis cites United Airlines, Inc. v. McDonald for the proposition that intervention may be timely, even if late in the litigation, if it is done "as soon as it [becomes clear] that the interests of the unnamed class members [are] no longer protected by the named class representatives." 432 U.S. 385, 394 (1977).

McDonald does not help Lewis. The intervenor in McDonald sought to intervene immediately after it became clear that the interests of the named plaintiffs and the unnamed class members diverged. See id. at 388–90. In contrast, on May 5, 2017, Lewis's counsel wrote plaintiffs' counsel in the federal case and stated that plaintiffs and their attorneys represented a position that was "materially adverse to the interests" of Lewis and his class. [D.E. 73-20] 1–2; [D.E. 79-2] 1–2. On June 9, 2017, Lewis echoed to the state court his concerns about plaintiffs and plaintiffs' counsel's ability to adequately represent the class. See [D.E. 73-24] 3. Nonetheless, Lewis waited until September 15, 2017, to seek to intervene.

This court refuses to endorse a wait-and-see strategy designed to disrupt a preliminary settlement at the eleventh hour. Permitting intervention in this case would neuter Rule 24's timeliness requirement. The motion to intervene is untimely and is denied. Moreover, for the reasons discussed in the responses in opposition, the motion not only is untimely, but also lacks merit. See [D.E. 73] 15–21; [D.E. 76] 5–10.

In sum, Lewis's motion to intervene [D.E. 70] is DENIED.

SO ORDERED. This _2_ day of October 2017.

_____
JAMES C. DEVER III
Chief United States District Judge

4