IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-729-D

| | | |
|---|---|---|
| TERESA M. SPEAKS, TOBY SPEAKS, STANLEY SMITH, EDDIE BROWN, ROBERT POINDEXTER, MIKE MITCHELL, ROY L. COOK, ALEX SHUGART, H. RANDLE WOOD, ROBIN ROGERS, and DANIEL LEE NELSON, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| U.S. TOBACCO COOPERATIVE, INC. f/k/a FLUE-CURED TOBACCO COOPERATIVE STABILIZATION CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiffs and defendant U.S. Tobacco Cooperative, Inc. ("the Cooperative" or "defendant") entered into a "Stipulation and Agreement of Class Action Compromise, Settlement and Release" (herein the "Settlement Agreement") intended to resolve this action. See [D.E. 60-1]. In this action, plaintiffs contend that after Congress enacted the Fair and Equitable Tobacco Reform Act of 2004 and ended the Tobacco Price Support Program, the Cooperative's purpose ended and the Cooperative should be forced to distribute its reserves and be judicially dissolved. On September 13, 2017, this court granted preliminary approval of the $24 million Settlement Agreement, preliminarily certified a settlement class for settlement purposes only, and directed class counsel to submit their application for attorneys' fees, expenses, and incentive awards. See [D.E. 63]. On November 20, 2017, class counsel filed an unopposed motion for attorneys' fees, expenses, and incentive awards [D.E. 85] and a memorandum in support [D.E. 86]. On November 27, 2017, class counsel filed declarations of

named class representative plaintiffs [D.E. 87, 88]. On January 19, 2018, this court held a fairness hearing. On January 24, 2018, class counsel filed supplemental declarations in support of class counsel's motion for attorneys' fees, expenses, and incentive awards. See [D.E. 261, 261-1, 261-2]. On February 20, 2018, this court granted plaintiffs' motion for final approval of a class action settlement and entered a final approval order.

The court has reviewed the motion and the record. As explained below, the court grants the motion and awards $10,000 to Teresa M. Speaks and Toby Speaks,[1] Stanley Smith, Eddie Brown, Robert Poindexter, Mike Mitchell, Roy L. Cook, Alex Shugart, H. Randle Wood, Robin Rogers, and Daniel Lee Nelson as an incentive award. The court also awards $1,900,000 to class counsel. These payments are reasonable and shall be made in accordance with the Settlement Agreement and this order.

I.

The Settlement Agreement resolves hotly disputed claims of members and former members of the Cooperative to the Cooperative's reserves and for dissolution of the Cooperative. On September 13, 2017, this court entered an order preliminarily approving the Settlement Agreement dated September 6, 2017 (as modified by this court's order dated September 29, 2017 [D.E. 77]), certifying the settlement class, and approving the form and manner of notice. See [D.E. 63]. The order stated, inter alia, that at the fairness hearing on January 19, 2018, the court would consider class counsel's request for an award of attorneys' fees, expenses, and incentive awards for the named plaintiffs in an amount not to exceed $2 million, to be paid from the $24 million settlement fund. See id.

---

[1] Teresa M. Speaks and Toby Speaks will split a single $10,000 incentive award.

2

Following publication of the class notice, no class members specifically objected to the proposed award of attorneys' fees, expenses, and incentive awards. The Settlement Agreement provides for $24 million in cash benefits that the Cooperative will pay into a settlement fund, plus the Cooperative will pay separately the costs of notice and claims administration, which has a value in excess of $1.5 million. See [D.E. 60-1] 9–16; [D.E. 86-1]; [D.E. 217] 14 n.4. Thus, the total gross value of the settlement to the settlement class is approximately $25.5 million. See id.

On February 20, 2018, the court granted plaintiffs' motion for final approval of the class action settlement and approved the settlement as fair, reasonable, and adequate. In that order, the court recounted in great detail the case, the settlement negotiations, the settlement process, the objections, and the excellent work of class counsel. The record reflects the excellent work of class counsel and the successful resolution that class counsel achieved for the settlement class.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." Fed. R. Civ. P. 23(h). Rule 23(h)(1) provides that "[a] claim for an award must be made by motion under [Federal] Rule [of Civil Procedure] 54(d)(2)." Fed. R. Civ. P. 23(h)(1). "Notice of the motion must be served on all parities and, for motions by class counsel, directed to class members in a reasonable manner." Id. The court may hold a hearing concerning the motion, and "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(3).

In calculating an award of attorneys' fees as part of a class action settlement, courts have the discretion to apply either the percentage-of-recovery method or the lodestar method. See, e.g., Ferris v. Sprint Commc'ns Co. L.P., No. 5:11-CV-00667-H, 2012 WL 12914716, at *2 (E.D.N.C. Dec. 13, 2012) (unpublished); Kay Co. v. Equitable Prod. Co., 749 F. Supp. 2d 455, 461–64 (S.D. W. Va. 2010). Under the percentage-of-recovery method, the court awards a fee as a percentage of the

3

common fund recovered. See, e.g., Ferris, 2012 WL 12914716, at *2; Kay Co., 749 F. Supp. 2d at 462. The percentage-of-recovery method often better aligns the interests of class counsel and class members because the method ties the attorney fee award to the overall result achieved rather than the hours that the attorneys expended. See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 333–34 (3d Cir. 1998); In re Thirteen Appeals Arising out of San Juan DuPont Plaza Hotel Fire Litig., 56 F.3d 295, 306–08 (1st Cir. 1995); Gottlieb v. Barry, 43 F.3d 474, 487–89 (10th Cir. 1994); Rawlings v. Prudential-Bache Props., Inc., 9 F.3d 513, 516 (6th Cir. 1993); Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261, 1271–72 (D.C. Cir. 1993); Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768, 773–75 (11th Cir. 1991); Kirchoff v. Flynn, 786 F.2d 320, 326–28 (7th Cir. 1986); Ferris, 2012 WL 12914716, at *2.

The court finds that applying the percentage-of-recovery method is appropriate in this case. The court has considered the following factors in applying the percentage-of-recovery method: (1) the results obtained for the class, (2) the quality, skill, and efficiency of class counsel, (3) the complexity and duration of the case, (4) the risk of nonpayment, (5) awards in similar cases, (6) objections, and (7) public policy. See, e.g., Kay Co., 749 F. Supp. 2d at 464.

In assessing the results obtained for the class, a court may examine the percentage of the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the settling defendant's separate payment of administration expenses. See, e.g., Ferris, 2012 WL 12914716, at *2–3. Here, class counsel achieved an excellent result for the class. See Kay Co., 749 F. Supp. 2d at 464–65. Despite the extraordinary litigation risk facing the class (which this court described at length in its final approval order), class counsel obtained a settlement for the class that exceeds $25 million in value. The total fee, expense, and incentive awards represent approximately 7.8% of the settlement fund, as a whole. If the court subtracts the $100,000 incentive

4

awards and the $1,900,000 fee-and-expense award, the court finds that a minimum of $22 million will be paid to qualifying class members. Accordingly, the $1.9 million fee-and-expense award represents approximately 7.5% of the funds to be paid to class members.

As for awards in similar cases, a fee-and-expense award of approximately 7.5% fits comfortably within the range of reasonable percentage-fee awards in the Fourth Circuit. See, e.g., Ferris, 2012 WL 12914716, at *3–4; In re Wachovia Corp. ERISA Litig., No. 3:09CV262, 2011 WL 7787962, at *4–6 (W.D.N.C. Oct. 24, 2011) (unpublished); In re The Millis Corp. Sec. Litig., 265 F.R.D. 246, 260–64 (E.D. Va. 2009); Muhammad v. Nat'l City Mortg., No. 2:07-0423, 2008 WL 5377783, at *6–9 (S.D. W. Va. Dec. 19, 2008) (unpublished).

As for class counsel's experience, skill, and efficiency, class counsel used all these attributes to benefit the class. Class counsel will continue to use these attributes as they work to ensure that the class receives the benefits due to the class in the Settlement Agreement and final judgment.

As for the complexity and duration of the litigation, the court described the litigation in its final approval order, and finds that class counsel objectively analyzed the strengths and weaknesses of the action and achieved an excellent result following a hard-fought, arms-length mediation in which retired United States District Judge Frank Bullock served as the mediator. Class counsel also responded to objections to the settlement and vigorously advocated for the settlement at the fairness hearing. As for the risk of nonpayment, class counsel faced a risk of nonpayment.

As for objections, some class members objected to the settlement. This court overruled those objections in its final approval order. Nobody, however, specifically objected to the proposed fee-and-expense award. The absence of express objection to the fee-and-expense request supports finding it reasonable. See, e.g., Ferris, 2012 WL 12914716, at *3–4; In re Wachovia, 2011 WL 7787962, at *4.

5

As for public policy, public policy supports the requested fee-and-expense award, particularly in light of class counsel's extensive service to the class to date and the service that class counsel will provide in working to ensure that the settlement occurs consistent with the Settlement Agreement and this court's final judgment. See, e.g., Kay Co., 749 F. Supp. 2d at 468–69. Thus, having considered the entire record, the court finds that the requested fee-and-expense award is reasonable and awards fees and expenses to class counsel in the amount of $1,900,000.

As for the incentive awards to the named plaintiffs/class representatives, plaintiffs ask the court to award the sum of $10,000 (i.e., a total of $100,000) to be paid to the plaintiffs upon the effective date of the settlement. See [D.E. 60-1; 85]. Nobody specifically objected to the proposed incentive awards.

The court finds that the requested incentive awards are reasonable and fit comfortably within the range of reasonable incentive awards, considering the actions taken by the plaintiffs to protect the interests of the settlement class, the degree to which the settlement class has benefitted from those actions, and the amount of time and effort plaintiffs have expended in pursuing the litigation. See, e.g., Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998); Kirven v. Cent. States Health & Life Co. of Omaha, No. 3:11-2149-MB, 2015 WL 1314086, at *13–14 (D.S.C. Mar. 23, 2015) (unpublished); Kay Co., 749 F. Supp. 2d at 472–73. Thus, an incentive award of $10,000 for the class representatives is reasonable given their contributions to the case. See, e.g., Kruger v. Novant Health, Inc., No. 1:14CV208, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016) (unpublished); Savani v. URS Prof'l Sols. LLC, No. 1:06-cv-02085-JMC, 2014 WL 172503, at *10 (D.S.C. Jan. 15, 2014) (unpublished); Kay Co., 749 F. Supp. 2d at 472–73; Will v. Gen. Dynamics Corp., No. 06-698-GPM, 2010 WL 4818174, at *4 (S.D. Ill. Nov. 22, 2010). Without incentive awards, the class representatives would not be rewarded for their participation or for the risk of pursuing this

action with no promise of a successful outcome. It is fair, reasonable, and appropriate for the court to grant the requested service awards to reward the named plaintiffs for their participation in this action.

II.

In sum, plaintiffs' motion for attorney's fees, expenses, and incentive awards [D.E. 85] is GRANTED. The court APPROVES a fee-and-expense award of $1,900,000 to settlement class counsel, with the sum of seven hundred sixty thousand dollars ($760,000) to be paid from the settlement fund upon the effective date of settlement as defined in the Settlement Agreement; the sum of three hundred eighty thousand ($380,000) to be paid from the settlement fund upon the payment of the second settlement payment as defined in the Settlement Agreement; the sum of three hundred eighty thousand ($380,000) to be paid from the settlement fund upon the payment of the third settlement payment as defined in the Settlement Agreement; and the sum of three hundred eighty thousand ($380,000) to be paid from the settlement fund upon the payment of the fourth settlement payment as defined in the Settlement Agreement. The court also APPROVES incentive awards in the amount of $10,000 to Teresa and Toby Speaks (together) and $10,000 each to Stanley Smith, Eddie Brown, Robert Poindexter, Mike Mitchell, Roy L. Cook, Alex Shugart, H. Randle Wood, Robin Rogers, and Daniel Lee Nelson. This figure totals $100,000 and will be paid from the settlement fund upon the effective date of settlement as defined in the Settlement Agreement.

SO ORDERED. This 20 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge