IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-729-D

TERESA M. SPEAKS, TOBY SPEAKS, )
STANLEY SMITH, EDDIE BROWN, )
ROBERT POINDEXTER, MIKE MITCHELL, )
ROY L. COOK, ALEX SHUGART, )
H. RANDLE WOOD, ROBIN ROGERS, )
and DANIEL LEE NELSON, )
)
      Plaintiffs, )
)
v. ) **ORDER**
)
U.S. TOBACCO COOPERATIVE, INC. f/k/a )
FLUE-CURED TOBACCO COOPERATIVE )
STABILIZATION CORPORATION, )
)
      Defendant. )

On October 31, 2012, plaintiffs, on behalf of themselves and the class they seek to represent, filed a complaint against U.S. Tobacco Cooperative, Inc. (the "Cooperative" or "defendant") [D.E. 1]. Plaintiffs are members of the Cooperative and current or former flue-cured tobacco farmers. When plaintiffs filed this federal complaint, a competing putative class action by a different group of Cooperative members was pending against the Cooperative in Wake County Superior Court (the "Lewis/Fisher" action). On December 5, 2012, the parties in this federal case jointly moved to stay this case pending the outcome of a motion for class certification in the Lewis/Fisher action. See [D.E. 18]. On December 17, 2012, the court granted the motion to stay. See [D.E. 22].

The litigation in the Lewis/Fisher action concerning class certification took longer than anticipated, and this court granted numerous joint motions to stay. See [D.E. 23, 26–40]. On December 21, 2016, the Supreme Court of North Carolina affirmed the Wake County Superior

Court's order granting class certification in the Lewis/Fisher action. See Fisher v. Flue-Cured Tobacco Coop. Stabilization Corp., 369 N.C. 202, 794 S.E.2d 699 (2016).

On May 11 and 12, 2017, pursuant to this court's local rules mandating mediation, the parties in this federal case participated in a two-day mediation with the Honorable Frank W. Bullock, Jr. ("Judge Bullock"), a distinguished, retired United States District Judge and certified mediator. After extensive negotiations, the parties in this putative federal class action reached a $24 million proposed class action settlement agreement. See [D.E. 60-1]. On September 8, 2017, plaintiffs moved to certify a settlement class and for preliminary approval of the proposed class action settlement [D.E. 60]. On September 13, 2017, this court entered an order preliminarily approving the class action settlement and scheduled a final fairness hearing for January 19, 2018 [D.E. 63].

On January 5, 2018, plaintiffs moved for final approval of the class action settlement [D.E. 216]. On January 17, 2018, the Wake County Superior Court issued an order and found that plaintiffs' class counsel in Speaks and defendant's counsel from Washington, D.C. in Lewis/Fisher had violated the North Carolina Rules of Professional Conduct. See [D.E. 252-2]. In its order of January 17, 2018, the Wake County Superior Court specifically found: (1) incomplete, false, and misleading allegations in the Speaks plaintiffs' amended complaint; (2) misstatements in the long form notice sent to the absent class members in Speaks; and (3) various ethical violations and "collusion" during the Speaks mediation process. See id. ¶¶ 104–23. The Wake County Superior Court also found "ample evidence of collusion between the parties in Speaks to (a) exclude counsel in Lewis/Fisher from participation in the settlement of the claims for the class members whom they represent, and ([b]) mislead the members of the Lewis/Fisher class as to the true facts of the matter." Id. ¶ 126; cf. Sharp Farms v. Speaks, 917 F.3d 276, 292–93 (4th Cir. 2019) (summarizing the state court order of January 17, 2018). The Wake County Superior Court opined that the proposed Speaks

2

settlement was not fair, reasonable, and adequate to the members of the certified Lewis/Fisher class, which overlapped with the proposed Speaks settlement class. See [D.E. 252-2] ¶ 125.

On January 19, 2018, this court held a final fairness hearing. See [D.E. 259]; [D.E. 260]. On February 20, 2018, the court entered an 82-page order and found that the proposed Speaks class action settlement was fair, reasonable, and adequate to all class members and granted the motion for final approval of the class action settlement [D.E. 267]. As part of that order, this court discussed at length the facts and procedural history and the Wake County Superior Court order of January 17, 2018, and explained why this court did not agree with the Wake County Superior Court order. See id. at 2–3, 12–14, 16–17, 26–27, 39–44, 46–49, 57–61, 64–73.

Some objectors to the settlement appealed this court's judgment approving the Speaks class action settlement [D.E. 282, 284]. On February 28, 2019, the United States Court of Appeals for the Fourth Circuit affirmed in part, reversed in part, and remanded [D.E. 301, 306]. In relevant part, the Fourth Circuit held that this court abused its discretion in certifying the Speaks settlement class under Rule 23(a) and in finding that the Speaks class counsel was adequate. A majority of the Fourth Circuit panel found that this court did not "sufficiently" address the factual findings and conclusions of the Wake County Superior Court concerning alleged unethical conduct of plaintiffs' class counsel in Speaks and defendant's counsel from Washington, D.C. See Sharp Farms, 917 F.3d at 290–94.

On April 26, 2019, the Wake County Superior Court vacated "[t]hat portion of [its order of January 17, 2018] that finds and concludes that counsel for the Defendant in this action and counsel for the Plaintiff in the Speaks Action violated Rules 4.1 and 4.2 of the North Carolina Rules of

3

Professional Conduct...." [D.E.309-5] 2; cf. [D.E. 252-2].[1] Rule 4.1 of the North Carolina Rules of Professional Conduct provides that "[i]n the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person." N.C. R. Prof. Conduct 4.1. Rule 4.2 of the North Carolina Rules of Professional Conduct provides:

> (a) During the representation of a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order. It is not a violation of this rule for a lawyer to encourage his or her client to discuss the subject of the representation with the opposing party in a good-faith attempt to resolve the controversy.
>
> (b) Notwithstanding section (a) above, in representing a client who has a dispute with a government agency or body, a lawyer may communicate about the subject of the representation with the elected officials who have authority over such government agency or body even if the lawyer knows that the government agency or body is represented by another lawyer in the matter, but such communications may only occur under the following circumstances:
>
> (1) in writing, if a copy of the writing is promptly delivered to opposing counsel;
>
> (2) orally, upon adequate notice to opposing counsel; or
>
> (3) in the course of official proceedings.

N.C. R. Prof. Conduct 4.2.

In the portion of the now vacated order of January 17, 2018, the Wake County Superior Court had found:

> (1) a pattern of false and misleading statements made by counsel for plaintiff in *Speaks* as they relate to *Lewis/Fisher* and its certified class members; (2) Counsel for Defendant has, at a minimum, acquiesced in such statements if not having adopted them; and (3) Defendant and counsel for plaintiff in *Speaks* have violated Rules 4.1 and 4.2 of the North Carolina Rules of Professional Conduct in their communications with the *Lewis/Fisher* class members.

---

[1] Cf. Henlee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 600 (1949) (per curiam) (Frankfurter, J., dissenting) ("Wisdom too often never comes, and so one ought not to reject it merely because it comes late.").

[D.E. 252-2] ¶ 103; see also id. ¶¶ 111–12, 114, 123, 126.

On May 20, 2019, the Cooperative moved to clarify this court's findings concerning the conduct of plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. [D.E. 314] and filed a memorandum and exhibits in support [D.E. 315]. On May 22, 2019, plaintiffs responded and stated that they did not oppose defendant's statement of facts, legal arguments, or request for relief [D.E. 316]. As explained below, the court grants defendant's motion to clarify and finds that plaintiffs' counsel in Speaks and defendant's counsel in this action and in Lewis/Fisher did not violate the North Carolina Rules of Professional Conduct or otherwise engage in unethical conduct.

I.

Federal courts have inherent power to police attorney misconduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991); Six v. Generations Fed. Credit Union, 891 F.3d 508, 518–19 (4th Cir. 2018); United States v. Oliver, 878 F.3d 120, 124 (4th Cir. 2017); United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). Thus, this court can "fashion an appropriate sanction for conduct which abuses the judicial process," including any violation of the North Carolina Rules of Professional Conduct. Six, 891 F.3d at 519 (quotation omitted); see Howard v. Coll. of the Albemarle, No. 2:15-CV-39-D, 2016 WL 4384658, at *4–5 (E.D.N.C. Aug. 16, 2016) (unpublished); E.D.N.C. Civ. R. 83.7d. Moreover, in ruling on a proposed settlement in a class action, a district court acts as a fiduciary of the class members and must ensure that class counsel is adequate. See Fed. R. Civ. P. 23; Sharp Farms, 917 F.3d at 293–94. Accordingly, in accordance with the Fourth Circuit's mandate in Speaks, this court enters this order to more "sufficiently" address the findings and conclusions of the Wake County Superior Court's order of January 17, 2018, and of April 26, 2019, which vacated that portion of the January 2018 order finding that defendant's

5

counsel from Washington, D.C. in the Lewis/Fisher action and plaintiffs' counsel in Speaks violated Rules 4.1 and 4.2 of the North Carolina Rules of Professional Conduct.

A.

As for the Wake County Superior Court's findings that plaintiffs' counsel in Speaks colluded to create a false public narrative concerning the Lewis/Fisher action in violation of Rules 4.1 and 4.2 of the North Carolina Rules of Professional Conduct, the Wake County Superior Court vacated these findings on April 26, 2019. See [D.E. 309-5] 2. Thus, there is nothing to address. Cf. Sharp Farms, 917 F.3d at 293–94.

Alternatively, to the extent that the Fourth Circuit's mandate requires this court to more "sufficiently" address the state court's now-vacated findings, the court sees why the Wake County Superior Court vacated its findings that plaintiffs' counsel in Speaks or defendant's counsel from Washington, D.C. violated either Rule 4.1 or 4.2 of the North Carolina Rules of Professional Conduct.[2]

First, defense counsel from Washington, D.C. did not implicitly adopt any alleged misrepresentations in plaintiffs' amended complaint in Speaks by failing to correct them, as the Wake County Superior Court found in the now-vacated portion of its order. See [D.E. 252-2] ¶ 111. Moreover, defense counsel from Washington, D.C. did not have a duty to verify the factual

---

[2] The Wake County Superior Court order of January 17, 2018, impugned the integrity of defense counsel from Washington, D.C., but expressly declined to impugn the integrity of defense counsel from North Carolina. See [D.E. 252-2] 6 n.7. Nothing in the order explains the distinction. The law does not support the distinction. See N.C. R. Prof. Conduct 5.5(c)(4); N.C. Gen. Stat. § 84-4.1(5); In re Smith, 301 N.C. 621, 621–33, 272 S.E.2d 834, 835–41 (1981). Moreover, this court has serious concerns about whether the attorneys received due process. See In re Ruffalo, 390 U.S. 544, 550–52 (1968); Griffin v. Griffin, 348 N.C. 278, 280, 500 S.E.2d 437, 438–39 (1998); N.C. State Bar v. Barrett, 219 N.C. App. 481, 485–89, 724 S.E.2d 126, 129–31 (2012). In any event, as discussed in this order, neither defense counsel from Washington, D.C. nor defense counsel from North Carolina violated Rule 4.1 or 4.2 or otherwise engaged in any unethical conduct.

6

statements of plaintiffs' amended complaint in Speaks, which made serious legal claims against defense counsel's client. This principle applies even if defense counsel from Washington, D.C. reviewed proposed changes to, and made suggestions concerning, plaintiff's amended complaint. Such review comports with this court's local rules concerning motions practice. See E.D.N.C. Civ. R. 7.1(b)(2) ("If a moving party is aware that an opposing party consents or does not object to a motion, the motion shall so state."). Thus, the court sees why the Wake County Superior Court vacated its order imputing alleged misrepresentations in the Speaks plaintiffs' amended complaint to defense counsel from Washington, D.C.

Second, in finding that plaintiffs' counsel in Speaks created a false public narrative in the amended complaint, the Wake County Superior Court emphasized that Shipman & Wright LLP, counsel for the Speaks plaintiffs and initial counsel for the Lewis/Fisher plaintiffs, alleged that it withdrew from representation of the Lewis/Fisher plaintiffs on September 9, 2005. See [D.E. 252-2] ¶ 105; [D.E. 315-4] 26 ¶ 61. Shipman & Wright LLP in fact withdrew at a later date. Shipman & Wright, LLP, however, corrected this error in its amended complaint. See Am. Compl. [D.E. 320]. Moreover, considering the pleadings as a whole, it always has been clear that Shipman & Wright LLP did not withdraw on September 9, 2005. See, e.g., [D.E. 315-4] 25–27 ¶¶ 57–58, 66, 68. Additionally, based on this court's own credibility assessment of plaintiffs' counsel in Speaks, this erroneous date was not an intentional false statement of material fact. See Hr'g Tr. [D.E. 260] 10. Rather, it was an honest, immaterial, and innocent mistake. Even the Wake County Superior Court acknowledged that the erroneous date could be an innocent mistake, but then cited no evidence and found that it was an intentional misrepresentation. See [D.E. 252-2] ¶¶ 105–06. Accordingly, the court sees why the Wake County Superior Court vacated its finding that plaintiffs' counsel in Speaks knowingly misrepresented the date that Shipman & Wright LLP withdrew.

7

The Wake County Superior Court also found that various alleged factual omissions from the original Speaks complaint amounted to "an attempt by plaintiffs' counsel in Speaks to, at best, manipulate facts in order to construct" a false narrative concerning the state court litigation. Id. ¶ 110. The Wake County Superior Court also impugned the integrity and professional responsibility of defense counsel from Washington, D.C. by finding:

> 111. Counsel for Defendant cannot distance itself from these misstatements as, when it took steps to provide input to and edit the Amended Class Action Complaint it failed to correct this false narrative and this Court thereby finds that Defendant's counsel has adopted these allegations as true.

Id. ¶ 111. The Wake County Superior Court then opined "that the facts in paragraph 107 above are material to any member of the Lewis/Fisher class' consideration of opting out of the Speaks settlement." Id. ¶ 112.[3]

On April 26, 2019, the Wake County Superior Court vacated its findings that counsel violated Rules 4.1 and Rule 4.2. See [D.E. 309-5] 2. Thus, there is nothing to address.

---

[3] In paragraph 107, the Wake County Superior Court wrote:

> 107. The Court finds the following facts were material to a complete and accurate and full understanding of the Stipulation and Settlement Agreement and Motion to Approve Proposed Settlement as alleged in the *Speaks* Class Action Complaint and Amended Class Action Complaint: (a) Shipman & Wright, LLP was one of the law firms that could have sent the notice of proposed settlement and failed to do so as alleged; (b) Judge John Jolly had in fact denied the Motion to Approve Proposed Settlement on May 10, 2006 finding that the "evidence presented [did] not support a finding that the proposed Settlement is within the necessary 'ball park' of being fair, reasonable and adequate"; (c) among others, Gary K. Shipman had signed and caused to be filed the Amended Stipulation & Agreement on or about April 3, 2007; (d) William G. Wright on behalf of Shipman & Wright, LLC had signed and caused to be filed the Second Motion to Approve Proposed Settlement on April 3, 2007; and (e) by late summer of 2007, and before Shipman & Wright, LLP was allowed to withdraw as counsel in *Lewis*, Plaintiffs' counsel for *Lewis and Fisher* had begun negotiating a global settlement with Defendant.

[D.E. 252-2] ¶ 107.

8

Alternatively, to the extent the Fourth Circuit's mandate requires this court to more "sufficiently" address the state court's now-vacated findings, the court sees why the Wake County Superior Court vacated its findings. Notably, the Wake County Superior Court failed to explain why these alleged statements or omissions were material to the Lewis/Fisher class members' decisions concerning whether to opt out of the proposed Speaks settlement. See [D.E. 252-2] ¶ 112. Furthermore, the Wake County Superior Court cited no evidence to support its finding that plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. misstated or omitted facts to deceive the Lewis/Fisher class members. Additionally, the Wake County Superior Court's finding that defendant's counsel from Washington, D.C. "failed to correct this false narrative" and thereby "adopted these allegations as true" is legally unsupported. Cf. E.D.N.C. Civ. R. 7.1(b)(2). The amended complaint is plaintiffs' amended complaint. It is not a pleading of the defendant Cooperative, and the Wake County Superior Court cited no evidence to support a finding that defendant's counsel from Washington, D.C. had the power to control what plaintiffs' counsel ultimately included in or omitted from plaintiffs' amended complaint.

In light of the full record, the court understands why the Wake County Superior Court vacated its unsupported findings that plaintiffs' counsel in Speaks or defendant's counsel from Washington, D.C. made knowing material misrepresentations of fact or made knowing material omissions. Moreover, the court finds that plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. did not violate Rule 4.1 or Rule 4.2 of the North Carolina Rules of Professional Conduct.

The Wake County Superior Court also found that the conduct of the plaintiffs' counsel in Speaks in drafting their amended complaint in this case and the defendant's counsel from Washington, D.C.'s apparent failure to object to the plaintiffs' amended complaint violated Rule

9

4.2(a) of the North Carolina Rules of Professional Conduct. See [D.E. 252-2] ¶ 112. The Wake County Superior Court did not explain how statements or omissions in the Speaks amended complaint (or any statements or omissions in any publicly filed pleadings in federal court) can constitute unauthorized communications with a represented party in state court in violation of Rule 4.2(a). See N.C. R. Prof. Conduct 4.2(a). They cannot. See id.; cf. U.S. Const. art. VI, cl. 2. Thus, the court understands why the Wake County Superior Court vacated its findings that either counsel violated Rule 4.2(a). Counsel did not violate Rule 4.2 of the North Carolina Rules of Professional Conduct.

B.

As for the Wake County Superior Court's findings concerning the long form notice in this federal case [D.E. 60-2], the Wake County Superior Court found that plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. knowingly edited the long form notice in order to obscure the legal effect of the settlement in Speaks on the claims of members of the Lewis/Fisher class and thereby violated Rules 4.1 and 4.2 of the North Carolina Rules of Professional Conduct. See [D.E. 252-2] ¶¶ 113–14. On April 26, 2019, the Wake County Superior Court vacated its finding that counsel violated Rules 4.1 and 4.2 of the North Carolina Rules of Professional Responsibility concerning the long form notice in this federal case. Compare [D.E. 309-5] 2 with [D.E. 252-2] ¶¶ 113–14. Thus, there is nothing to address. Cf. Sharp Farms, 917 F.3d at 293–94.

Alternatively, to the extent that the Fourth Circuit's mandate requires this court to more "sufficiently" address the state court's now-vacated findings, this court sees why the Wake County Superior Court vacated its finding that counsel for plaintiffs in Speaks and counsel for the defendant from Washington, D.C. violated Rule 4.1 or Rule 4.2 of the North Carolina Rules of Professional

10

Conduct concerning the long form notice. First, under the Federal Rules of Civil Procedure, this court had an obligation to provide notice of the proposed Speaks settlement to absent class members, including any overlapping members of the parallel Lewis/Fisher class. See Fed. R. Civ. P. 23(c)(2)(B), (e)(1)(B). Thus, this court, not the Speaks class counsel or the defendant's counsel from Washington, D.C., was ultimately responsible for the text of the long form notice. See, e.g., Culver v. City of Milwaukee, 277 F.3d 908, 915 (7th Cir. 2002); Erhardt v. Prudential Grp., Inc., 629 F.2d 843, 846 (2d Cir. 1980). This court diligently reviewed the contents of the proposed long form notice and approved it, in part, because it "clearly details how the Speaks action affects the [Lewis/Fisher] action." Speaks v. U.S. Tobacco Coop., Inc., 324 F.R.D. 112, 157 (E.D.N.C. 2018), rev'd sub nom., Sharp Farms, 917 F.3d at 281, 293–94. In making this finding, this court explained in detail why it rejected the argument that the notice program ambiguously states how the settlement affects the Lewis/Fisher class. See Speaks, 324 F.R.D. at 157–58. This court then discussed and quoted from the short form notice, the long form notice (section six), and the settlement website. See id. This court also noted the different timing associated with the notice programs in the parallel class actions. See id. at 158. Ironically, the Wake County Superior Court criticized this court's description of the Lewis/Fisher class action in the notice program in this federal class action, but the notice that the Wake County Superior Court approved in the Lewis/Fisher class action did not mention the Speaks class action at all. See id. at 157 n.33.

Second, federal law governs the content and distribution of the long form notice and the notice program. See Fed. R. Civ. P. 23(c)(2)(B), (e)(1)(B); Speaks, 324 F.R.D. at 157–58. This court credited the expert testimony concerning the long form notice and the notice program in finding that the notice program comported with applicable federal law. See Speaks, 324 F.R.D. at 157–58; [D.E. 58-1] ¶¶ 62–66; [D.E. 217-5] ¶¶ 36–38. Moreover, the Wake County Superior Court

11

did not identify any binding or persuasive authority requiring the long form notice to state anything beyond what was in the short form notice, the long form notice, and on the settlement website concerning the effect of the federal settlement on the Lewis/Fisher class action. Indeed, the notice in this case went further than required. After all, class notice is sufficient where it adequately informs the class of other pending class actions or putative class actions and provides the names, case numbers, and courts of those other actions and thereby permits class members to investigate those other actions. See In re CP Ships Ltd. Sec. Litig., 578 F.3d 1306, 1317 (11th Cir. 2009) (class notice sufficient where it "adequately informed class members of the pending [foreign actions]" and provided "the necessary information" so that plaintiffs could pursue that information), abrogated on other grounds by Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247 (2010); Churchill Village, L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (class notice sufficient where it "listed the names, case numbers, and courts" of other pending actions).[4] Thus, to the extent the Wake County Superior Court did not vacate its findings concerning the long form notice on April 26, 2019, the court rejects the Wake County Superior Court's findings that the long form notice omitted material information to mislead the Lewis/Fisher class. See Speaks, 324 F.R.D. at 157–58. It did not.

The long form notice stated that the Speaks settlement "could impact" the Lewis/Fisher class members and that the Lewis/Fisher claims "may be discontinued" if this court approved the Speaks settlement. [D.E. 60-2] 4. These statements reflect an intent to avoid making premature statements concerning the potential preclusive effect of the proposed Speaks settlement on the claims of the

---

[4] In fact, class notice does not necessarily even require notice of other pending parallel class actions or settlement offers in such class actions. See Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1239–40 (11th Cir. 2011); Int'l Union v. Gen. Motors Co., 497 F.3d 615, 630 (6th Cir. 2007); Bell Atl. Corp. v. Bolger, 2 F.3d 1304, 1317–18 (3d Cir. 1993); Maher v. Zapata Corp., 714 F.2d 436, 450–53 (5th Cir. 1983); In re Prudential Ins. Co. of Am. Sales Practicies Litig., 962 F. Supp. 450, 529 (D.N.J. 1997).

Lewis/Fisher class members. See, e.g., Churchill Village, L.L.C., 361 F.3d at 575. Indeed, after this court granted final approval of the proposed Speaks class settlement, counsel for the Lewis/Fisher plaintiffs argued to the Wake County Superior Court that the Speaks settlement did not prevent the Lewis/Fisher class action from proceeding. See [D.E. 315-9] 5. The Wake County Superior Court lacked evidence to support its finding that the long form notice contained knowing misrepresentations and understandably vacated that portion of its order. Thus, the court finds that plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. did not violate Rule 4.1 or 4.2 in drafting the relevant language of the long form notice and submitting the long form notice to this court for its review and approval.

C.

On January 17, 2018, the Wake County Superior Court found that plaintiffs' counsel in Speaks and defendant's counsel from Washington, D.C. deliberately excluded the Lewis/Fisher class counsel from the Speaks mediation with Judge Bullock and that counsel violated Rule 4.2(a) of the North Carolina Rules of Professional Conduct concerning the mediation. See [D.E. 252-2] ¶¶ 115–17. On April 26, 2019, the Wake County Superior Court vacated its finding that counsel violated Rule 4.2(a) of the North Carolina Rule of Professional Conduct concerning the Speaks mediation. See [D.E. 309-5] 2. Thus, there is nothing to discuss. Cf. Sharp Farms, 917 F.3d at 294.

Alternatively, to the extent the Fourth Circuit's mandate requires this court to more "sufficiently" address the state court's now-vacated findings, this court sees why the Wake County Superior Court vacated its findings that counsel violated Rule 4.2(a) concerning the Speaks mediation. First, this court's scheduling order and local civil rules required the Speaks parties to mediate their claims. See Speaks, 324 F.R.D. at 138. The state court's case management order in Lewis/Fisher did not, and could not, limit the parties or their counsel in this federal action from

13

mediating this federal action pursuant to this federal court's scheduling order and local civil rules. See id.; U.S. Const. art. VI, cl. 2; Howlett v. Rose, 496 U.S. 356, 371 (1990); Donovan v. City of Dallas, 377 U.S. 408, 413–14 (1964).

On June 30, 2017, Judge Jolly also recognized that parallel litigation should continue in Speaks and Lewis/Fisher after disclosure of the Speaks mediation, proposed settlement, and potential preclusive effect. See [D.E. 315-3].[5] Furthermore, the Wake County Superior Court recognized that counsel in the Speaks case had to comply with this court's orders. See [D.E. 123-2] ¶ 2. Moreover, although the Wake County Superior Court found that counsel in Speaks delayed in notifying the Lewis/Fisher plaintiffs' counsel about the upcoming mediation, the Lewis/Fisher plaintiffs' counsel knew about the mediation before it occurred and chose not to participate or seek to participate in the Speaks mediation. See [D.E. 315-2] 12–14. Although the Lewis/Fisher plaintiffs' counsel raised various ethical concerns about the mediation to plaintiffs' counsel in Speaks and defense counsel in Speaks, plaintiffs' counsel in Lewis/Fisher never asked this court to prohibit the Speaks mediation or to permit them to participate in the mediation. Thus, this court understands why the Wake County Superior Court vacated its findings concerning Rule 4.2.

As for the mediation itself, retired United States District Judge Frank Bullock conducted the mediation. The Wake County Superior Court order of January 17, 2018, failed to acknowledge Judge Bullock's role as the mediator or discuss events that took place before the mediation with Judge Bullock. See [D.E. 252-2]. Notably, before the mediation, defense counsel provided the Lewis/Fisher plaintiffs' counsel's letter expressing their ethical concerns about the mediation to

---

[5] Judge Jolly presided in Lewis/Fisher from 2005 until he recused on or about October 5, 2017. See [D.E. 315-6] 6–7. The judge who wrote the orders of January 17, 2018, and April 26, 2019, became the presiding judge in October 2017, after Judge Jolly recused. See id.

14

Judge Bullock. See [D.E. 315-2] 2, 12–17. Nevertheless, after reviewing those concerns, Judge Bullock held the mediation in Speaks and certified that the proposed Speaks settlement was the result of arms-length negotiations. See [D.E. 217-4]. Judge Bullock's willingness to hold the mediation, even after reviewing the Lewis/Fisher plaintiffs' counsel's ethical concerns, undermines the validity of those concerns and undermines the state court's now-vacated findings concerning the Speaks mediation. See, e.g., Jones v. Singing River Health Servs. Found., 865 F.3d 285, 295–96 (5th Cir. 2017); Galluci v. Gonzales, 603 F. App'x 533, 534 (9th Cir. 2015) (unpublished); In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145(KMW), 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) (unpublished). This court's review of the documents, the record, and the governing law confirm that counsel acted properly in the mediation process.

Judge Bullock was not aware of the state court's factual findings of January 17, 2018, because the mediation occurred on May 11 and 12, 2017. Nonetheless, Judge Bullock was aware of the relevant facts underlying those findings. See, e.g., [D.E. 315-1]; [D.E. 315-2]. Specifically, Judge Bullock was aware of the existence of the Lewis/Fisher class action, the interplay between that action and the Speaks action in this court, the intent of the parties that the proposed Speaks settlement could preclude some further litigation in the Lewis/Fisher action, that the Lewis/Fisher class counsel did not participate in the mediation, and the ethical concerns that the Lewis/Fisher class counsel had concerning the Speaks mediation. See [D.E. 252-8] 2; [D.E. 315-2] 1; [D.E. 73-23] 3; cf. [D.E. 315-2] 12–17. On May 12, 2017, at the conclusion of the mediation, Judge Bullock certified that the Speaks mediation was the product of "sustained, arm's length settlement negotiations." [D.E. 217-4] 1. In light of the full record before this court and Judge Bullock's involvement as a neutral, ethical, and highly experienced mediator, the court sees why the Wake County Superior Court vacated the finding that there was "ample evidence of collusion"

15

between the Speaks class counsel and defendant's counsel from Washington, D.C. in negotiating the proposed Speaks class action settlement. See [D.E. 309-5] 2; cf. [D.E. 252-2].

This court also sees why the Wake County Superior Court vacated its findings that communications among class counsel during and after the Speaks mediation violated Rule 4.2(a) of the North Carolina Rules of Professional Conduct. Cf. [D.E. 252-2] ¶¶ 115–17, 126. Rule 4.2(a) forbids a lawyer from directly communicating with an individual that the lawyer "knows to be represented by another lawyer in the action." N.C. R. Prof. Conduct 4.2(a); Olavarria v. Wake Cty. Human Servs., 234 N.C. App. 665, 763 S.E.2d 18, 2014 WL 2980253, at *3 (2014) (unpublished table decision). At all times, defense counsel communicated with the putative class through Speaks plaintiffs' counsel. See [D.E. 73-23] 5–6. Thus, counsel did not violate Rule 4.2(a). See N.C. R. Prof. Conduct 4.2(a); cf. 3 Newberg On Class Actions § 9:9 (5th ed. 2019).

Even assuming that Rule 4.2(a) was relevant to counsel's conduct at the Speaks mediation, this court's local rules mandated the mediation and authorized the communication. Cf. N.C. R. Prof. Conduct 4.2(a) (stating that court orders can authorize counsel to communicate with represented persons). Likewise, this court's order granting preliminary approval of the proposed class action settlement authorized additional communications. See id. Thus, the lawyers in the Speaks mediation did not violate Rule 4.2(a) by participating in the mediation with Judge Bullock.

D.

As for the Wake County Superior Court's findings concerning the Cooperative's production of documents to the Speaks plaintiffs, the Speaks plaintiffs did not receive any additional documents that were intentionally withheld from the Lewis/Fisher plaintiffs. See [D.E. 315-7]. The production of documents in both cases was the same. See id.

16

E.

As for the Wake County Superior Court's finding that the evidence before it was insufficient to find that the proposed Speaks settlement was reasonable, fair, and adequate, the Wake County Superior Court conceded that whether to approve the proposed Speaks settlement raises issues of federal law within this court's jurisdiction to decide. See [D.E. 252-2] ¶ 125. Moreover, the Wake County Superior Court also knew that the record before this court was not the same record before the Wake County Superior Court. Nevertheless, the Wake County Superior Court found that the Speaks case was a "convenient placeholder" for the Cooperative to engage in "attorney shopping" in a manner inconsistent with the best interests of the Speaks class members and that it could not conclude, based on the information that it had, that the terms of the proposed Speaks settlement were fair, reasonable, and adequate to the Lewis/Fisher class members. Id. ¶¶ 118, 121–22, 125.

This court agrees with the Wake County Superior Court that settlement approval in this federal action is a federal matter for this federal court. This court stayed the Speaks action numerous times. See [D.E. 22, 26–40]. Meanwhile, the Lewis/Fisher action took years to proceed through the state courts. In December 2016, the Supreme Court of North Carolina affirmed the class certification in Lewis/Fisher, and then remanded the case. See Fisher, 369 N.C. at 204, 794 S.E.2d at 703. On January 19, 2018, at the Speaks fairness hearing, even though the Lewis/Fisher plaintiffs' counsel had been litigating Lewis/Fisher for over ten years, the Lewis/Fisher plaintiffs' counsel were unable to articulate basic aspects of their claims, including what portion of the Cooperative's reserves were unreasonable, why such amounts were unreasonable, how the Lewis/Fisher class is legally entitled to any such reserves, and how their legal theory of the case could yield a recovery greater than the proposed Speaks settlement of approximately $24 million dollars. See Hr'g Tr. [D.E. 260] 57–67, 75–77; Speaks, F.R.D. at 153–55; cf. Rigby v. Flue-Cured Tobacco Coop.

17

Stabilization Corp., 327 Ga. App. 29, 42, 755 S.E.2d 915, 926 (2014). Because the Lewis/Fisher plaintiffs' counsel were unable to articulate how to win more than $24 million dollars for the Lewis/Fisher class members despite over ten years of litigation in state court, the Wake County Superior Court's findings that the Speaks action served as a "convenient placeholder" for the Cooperative to engage in "attorney shopping" lack support in the record. Compare Speaks, F.R.D. at 153–55 with [D.E. 252-2] ¶¶ 121–22.

The Wake County Superior Court also found it "difficult to fathom how [it] could find, without any evidence from the [Cooperative] that a $22,000,000.00 settlement . . . is fair[,] reasonable[,] and adequate when [it] has previously found there was no evidence to support such a finding as to a $76,800,00.00 proposed settlement . . . ." [D.E. 252-2] ¶ 119. The Wake County Superior Court, however, did not address how the litigation risks for the Lewis/Fisher plaintiffs and the Speaks plaintiffs increased substantially since 2005. See Speaks, 324 F.R.D. at 142–47, 151–55. Likewise, the Wake County Superior Court did not analyze the merits of the Speaks plaintiffs' claims or the Lewis/Fisher plaintiffs' claims in its order of January 17, 2018. Under federal law, however, "the most important factor in weighing the substantive reasonableness of a settlement agreement" is the strength of the plaintiffs' claims on the merits. Berry v. Schulman, 807 F.3d 600, 614 (4th Cir. 2015); see Flinn v. FMC Corp., 528 F.2d 1169, 1172–73 (4th Cir. 1975).

As for "attorney shopping," no evidence suggests that the Cooperative invited the Speaks lawsuit. Rather, the Cooperative defended itself in Speaks just as it defended itself in Lewis/Fisher. The Cooperative does not control who decides to sue it. Once sued, the Cooperative must defend itself. Moreover, given the ubiquity of parallel class actions, defense counsel did not act unethically in zealously defending the Cooperative in each forum in which the Cooperative was sued.

II.

In sum, this court GRANTS the defendant's motion to clarify the court's order of February 20, 2018, as to the adequacy of class counsel [D.E. 314]. The court FINDS that plaintiffs' counsel in <u>Speaks</u> and defendant's counsel in this action and <u>Lewis/Fisher</u> did not violate the North Carolina Rules of Professional Conduct or otherwise engage in unethical conduct.

SO ORDERED. This **27** day of March 2020.

*James Dever*
JAMES C. DEVER III
United States District Judge